IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HOWARD WAYNE LEE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:13-CV-917-O |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Howard Wayne Lee, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

On December 8, 2010, Petitioner was indicted in the 377th Judicial District Court of Hood County, Texas, in Case No. CR11767 for tampering with evidence. Adm. R., Appl. for Writ of Habeas Corpus, WR-49-180-07, 53, ECF No. 18-20. Petitioner was subsequently released on bond but failed to appear for a court setting on August 16, 2011. *Id.* 52, 60. Consequently, on October 10, 2012, Petitioner was indicted in the same court in Case No. CR12305 for bail jumping. Adm. R., Appl. for Writ of Habeas Corpus, WR-49,180-08, 50, ECF No. 18-24. Each indictment contained enhancement and habitual-offender allegations. On November 7, 2012, the parties appeared in the trial court and agreed, in writing, to a continuance for the purpose of an agreed plea

of guilty to the offenses, in exchange for the state's recommendation of a forty-year sentence in each case. Adm. R., Appl. for Writ of Habeas Corpus, WR-49-180-07, 650, ECF No. 18-20; Appl. for Writ of Habeas Corpus, WR-49,180-08, 54, ECF No. 18-24.  On December 4, 2012, pursuant to a plea agreement in each case, Petitioner signed a "Guilty Plea Memorandum" waiving his rights, entered a plea of guilty and a plea of true to the enhancement and habitual-offender counts, and was sentenced to forty years' confinement. Adm. R., Appl. for Writ of Habeas Corpus, WR-49-180-07, 67-76, ECF No. 18-20; Appl. for Writ of Habeas Corpus, WR-49,180-08, 56-65, ECF No. 18-24. Petitioner did not appeal his convictions, but he did seek postconviction state and federal habeas corpus relief.  He filed two relevant state habeas applications, one for each conviction, which were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.  Appl. for Writ of Habeas Corpus, cover, ECF No. 17-6.  He also filed a prior federal habeas petition, which was dismissed on exhaustion grounds. *Lee v. Thaler,* Civil Action No. 4:12-CV-927-Y.

**II.  ISSUES**

Petitioner raises four grounds for relief, wherein he claims (1) he received ineffective assistance of trial counsel, (2) he was denied due process and equal treatment because of his race rendering his pleas involuntary, (3) the trial court committed procedural errors after his arrest, but pre-indictment, in violation of due process, and (4) the traffic stop was illegal. Pet. 6-7, ECF No. 1.

**III.  RULE 5 STATEMENT**

Respondent believes the petition is neither barred by the statute of limitations nor successive and reserves the right to assert exhaustion should the Court choose not to deny the petition on the merits.  Resp't's Ans. 3, ECF No. 22.

## IV. DISCUSSION

### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 131 S. Ct. 770, 785 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 131 S. Ct. at 786.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in a state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state

3

court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Dretke*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

In this case, the state habeas court found that there were "no controverted, previously unresolved issues of fact material to the legality of the Petitioner's conviction[s]" and recommended denial of both applications. Therefore, this Court will assume the state courts applied correct standards of federal law to the facts, absent evidence that an incorrect standard was applied, and imply factual findings consistent with the state courts' disposition. With these principles in mind, the court addresses Petitioner's claims.

**B. Guilty Pleas and Waiver**

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including precedent trial-court error, Fourth Amendment, and ineffective-assistance claims, that do not attack the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir.

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

In this case, there was no hearing or specific fact-finding in the state habeas proceedings. Nevertheless, the documentary evidence supports the state courts' implied conclusion that Petitioner's pleas were knowingly, voluntarily and intelligently entered. Petitioner executed the Guilty Plea Memorandums acknowledging that he understood the admonishments, that he was mentally competent and was aware of the consequences of his pleas, including the range of punishment for the offenses, that his pleas were made freely and voluntarily and only because he is guilty, that he understood the written waivers of his rights, that he was "totally satisfied" with the representation given by counsel, and that counsel was "completely competent in every aspect of representation." Adm. R., Appl. for Writ of Habeas Corpus, WR-49-180-07, 69, ECF No. 18-20; Appl. for Writ of Habeas Corpus, WR-49,180-08, 58, ECF No. 18-24. Petitioner also judicially confessed to committing the allegations charged in the indictments. Adm. R., Appl. for Writ of Habeas Corpus, WR-49-180-07, 70, ECF No. 18-20; Appl. for Writ of Habeas Corpus, WR-49,180-08, 59, ECF No. 18-24. Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's conclusory claims, after the fact, unsupported by credible evidence in the record, are insufficient to rebut the presumption of regularity of the records and the presumption that his pleas were voluntary and that counsel provided effective representation. *See Strickland v. Washington,* 466 U.S. 668, 689 (1984) (providing counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reaseonable professional judgment"); *Webster v. Estelle*, 505

F.2d 926, 929-30 (5th Cir. 1974) (providing state court records "are entitled to a presumption of regularity"); *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004) (providing "defendant who pleads guilty after having been properly admonished of his constitutional rights, who has knowingly and voluntarily waived those rights, and who has been admonished as required by our constitutions and art. 26.13 [of the Texas Code of Criminal Procedure] is presumed to have entered a voluntary and knowing plea").  Therefore, because Petitioner's guilty pleas were voluntarily and knowingly made, his claims are waived.  *See Florida v. Nixon*, 543 U.S. 175, 187 (2004); *United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th day of February, 2015.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE